# Bell, Receiver, v. Carr

*H. C. Hubler*, for plaintiff.

*J. D. Kennedy*, for defendant.

LEACH, P. J., March 4, 1942.—Plaintiff sued defendant, a stockholder in the defunct bank, for an assessment on his shares of stock.

The affidavit of defense admits the ownership, but attempts to set off a deposit of $500 in full settlement of plaintiff's claim. .

Plaintiff has already received credit for any dividends due upon his bank account. He cannot set off the remaining deposit against the said bank account because the amount of dividends he will receive thereon is unliquidated. It is horn-book law that an unliquidated claim cannot be set off against a liquidated one.

There is the further proposition that the amount due defendant from the defunct bank was due at a different

time and in a different right than the amount due from defendant to the receiver. In the one case it is a balance due on a debt. In the other case, it is a statutory liability that did not arise until it was discovered that the depositors could not be paid from the funds in the bank.

Now, March 4, 1942, rule for judgment for want of sufficient affidavit of defense is made absolute.